IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BABY'S COFFEE, LLC, | * | CIVIL ACTION NO. |
| Plaintiff, | * | JUDGE |
| v. | * | MAGISTRATE JUDGE |
| ELIZABETH HESS, d.b.a. BABY'S, and BABY'S NEW ORLEANS, LLC, | * | |
| Defendants. | * | JURY DEMAND |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff, Baby's Coffee, LLC, brings this Complaint for Trademark Infringement and Unfair Competition and asserts as follows:

**PARTIES**

1. Plaintiff, Baby's Coffee, LLC (hereafter "Baby's Coffee") is a Florida Limited Liability Company with its principal place of business at 3180 US Highway 1, Key West, Florida 33040. Baby's Coffee has prominently used, in interstate commerce, the word trademark BABY'S and the design trademark [BABY'S COFFEE logo] comprising the trademark Baby's Coffee (hereinafter the "Trademarks") in connection with its business in the sale of ground and whole bean coffee, and, of particular relevance in this case, the retail sale, from its restaurant facility under the trademark "BABY'S", of brewed coffee drinks, ground and whole coffee beans, baked goods, T-shirts, baseball caps, sandwiches, and related products. Exhibits A and B. Coffee beans are ground by Plaintiff Baby's Coffee on the premises. In addition, Baby's Coffee has used the Trademarks in connection with its business sale of apparel, cups, mugs, magnets, coffee makers,

1

stickers, and key chains, and is looking to expand selling herbal tea products. Exhibits A, B, G, and H.

2. Defendant Elizabeth Hess ("Hess") is a resident of New Orleans and operates a retail establishment at 416 South Murat Street, New Orleans, LA 70119, under the restaurant name "Baby's", and is in the business of offering for sale and selling brewed coffee drinks, ground and whole coffee beans, baked goods, and related products.

3. Upon information and belief, Defendant, Baby's New Orleans, LLC("BNO"), is a Louisiana Limited Liability Company with a place of business at 416 South Murat Street, New Orleans, LA 70119. Defendant Baby's New Orleans operates a retail establishment at 416 South Murat Street, New Orleans, LA 70119, under the restaurant name "Baby's", and is in the business of offering for sale and selling brewed coffee drinks, ground and whole coffee beans, baked goods, and related products. Exhibit C, D, E, and F.  Defendant BNO also sells coffee beans and grinds coffee beans within the BNO establishment. Exhibit F. Defendants Hess and BNO are collectively referred to herein as Defendant(s), and all relief sought and allegations of infringement and intent are directed against both Parties.

4. Accordingly, Defendants have infringed upon Baby's established Trademarks, in a manner which lies at the heart of Baby's business activities.

## JURISDICTION

5. This Court has jurisdiction over this action by virtue of:

(a)  Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act.  The Court has jurisdiction under Sections 43(a) of the Trademark Act of 1946, 15 U.S.C. 1121 and 1125(a), and the Judicial Code, 28 U.S.C. 1331 on account of the existence of a question arising under the Constitution, laws or treaties of the United States, and 28 U.S.C.

1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. 1051 et seq., as hereinafter more fully appears, and under 28 U.S.C. 1332(a), as this action arises between a citizen of the State of Florida and citizens of the State of Louisiana, and the matter in controversy exceeds the sum or value of $75,000.

(b)   Jurisdiction over related common law claims of unfair competition.  The Court has jurisdiction of the common law unfair competition claims herein under the provisions of 28 U.S.C. 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. 1051 et seq.

(c)  Venue is proper (i) under 28 U.S.C. 1391(b) insofar as (1) Defendant resides in this judicial district; and all Defendants are residents of the State in which this district is located;(2) upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, or a substantial part of property that is the subject of the action is situated; or because (3) if there is no district in which an action may otherwise be brought as provided in this section, a defendant is subject to this Court's personal jurisdiction with respect to this action; and under (ii) 28 U.S.C. 1391(c)(3) if Defendant is not resident in the United States because such a defendant may be sued in any judicial district.

## FACTS APPLICABLE TO ALL COUNTS

6. The present case relates to the field of the products sold by the parties, including, without limitation, restaurant services, coffee and drinks.

### Plaintiff's Business and the Building of the Baby's Brand

7. The Trademark was created and used by Plaintiff and its predecessors which were all owned and managed by Gary and Olga Teplitsky, who continue to function in that capacity.

8. More particularly, in 1991, the Teplitsky's opened a coffee roasting business in Key West, Florida. The Teplitsky's decided to give their coffee bar the name Baby's Coffee.

9. Plaintiff has continuously operated its coffee bar and sold mail-order coffee beans and ground coffee under the BABY'S trademark for over 30 years.

10. About 20 years ago, Plaintiff began advertising daily on WWOZ in New Orleans. Such advertising has continued daily to the present.

11. As a result the Trademarks have come to be favorably known and associated with Plaintiff Baby's Coffee and its coffee products and the retail merchandise, as a result of the use which began in or about 1991 through Baby's coffee bar and mail order businesses. Exhibits A and B.

12. Through long and extensive use, the Trademark has become a very valuable asset to Plaintiff and by virtue of dissemination of materials bearing the Trademark and sales made under the Trademark, the mark has become highly distinctive and denotes to purchasers a line of services and goods which originate with Baby's Coffee.

13. Over the years, Plaintiff and its predecessors have obtained numerous registrations which include the BABY'S trademark and variants thereof, including:

| Reg No. | Trademark |
|---|---|
| 2630898 | BABY'S CUBAN ROAST DARK & STORMY! |
| 2540361 | BABY'S MIDNIGHT SPECIAL |
| 2540360 | RAZZBABY |
| 2578197 | BABY'S WRECKER'S ROAST |
| 2603497 | BABY'S COFFEE |
| 2495844 | BABY'S COFFEE |

4

| | |
|---|---|
| 2087567 | BABY'S PRIVATE BUZZ (THE LAST LEGAL HIGH) |
| 1958665 | BABY'S PRIVATE BUZZ |
| 1963038 | BABY'S BREAKFAST ROAST |
| 3027973 | BABY'S HAVANA ROAST |

14. In 2003, to promote their mail order business, Baby's Coffee began advertising daily on WWOZ in New Orleans. After a few years, in 2007, the Plaintiff (and/or its predecessors) expanded its business and opened another roasting business in Cajun county, at Breaux Bridge, Louisiana. This was in addition to Plaintiff Baby's Coffee's online sales on sell coffee beans and ground coffee throughout the entire United States at uniform resource locator https://babyscoffee.com/. Exhibit H.

15. As part of Baby's Coffee's promotional efforts, the Plaintiff, through Greg and Olga Teplitsky are very active on social media, where they routinely use the Trademarks in connection with the goods and services they provide. Their Instagram page has over 1,500 followers. Exhibit G.

16. Baby's Coffee, over the years, expended considerable efforts and sums of money in establishing its business and in promoting its products and services under the Trademarks throughout the United States, and in the State of Louisiana and City of New Orleans, in particular. The long and continued efforts of Baby's Coffee and the high quality of the products and services rendered by Baby's Coffee under the Trademarks, have resulted in strong consumer recognition of the Baby's Coffee Trademark, as being associated with coffee products provided by Baby's Coffee.

17. As a result of such efforts, trademarks, including, without limitation the trademark BABY'S have become well and favorably known in the communities which Plaintiff serves, and have gained a reputation for integrity, responsibility, quality and reliability.

18. Plaintiff Baby's has incurred great expense and has devoted substantial time and resources to make the Trademarks and their associated products and services readily recognizable in the Coffee and restaurant marketplace .

Defendant BNO's Infringing Use of The Trademark and Plaintiff Baby's Coffee's Contact with Defendant

19. Defendant offers restaurant services, coffee drink services, and sells coffee beans and ground coffee within the establishment which it advertises to consumers as Baby's New Orleans or simply just Baby's. Exhibit C, E, and F. Defendant BNO was and is selling and continues to sell coffee drinks such as espressos, americanos, cortados, cappuccinos, lattes, drips, cold brews, and matcha lattes. Exhibit I.

20. In an effort to confuse consumers, the Defendant uses two versions ("Baby's Coffee" and "Baby's New Orleans") of a pseudo-trademark, both of which have a first term, namely "baby's" which is identical to Plaintiff's BABY'S trademark. Exhibit C and E. Defendants' infringing activities also include use of the words "babe(s)."

21. Furthermore, Defendant's activities have been a willful and deliberate attempt to trade upon the goodwill of Baby's by implying that it is the New Orleans facility of Plaintiff Baby's (which operated a facility in Louisiana several years ago). For example, this was done by the addition of the geographical designation New Orleans to the BABY'S trademark.

22. The willfulness of the Defendant's infringement is further illustrated by Defendant BNO's claim that before the Defendant expanded her company, the Defendant used the Baby's

New Orleans mark solely for the sale of coffee and tea. Exhibit N. In view of the fact that Baby's Coffee's products are sold countrywide, including in the State of Louisiana, the services, products and markets of both parties overlap. Indeed, the Plaintiff, many years ago, obtained nationwide rights by registering the BABY'S trademark with the United States Patent and Trademark Office. See, for example, Exhibits A and B.

23. When Plaintiff became aware of Defendant's infringement of the Trademark, Plaintiff's attorney contacted Defendant via email on January 17, 2023, to inform her of her infringement of Plaintiff's Trademarks. Exhibit L. Defendant responded on the same day stating that the term "coffee" is not her brand name, that her "logo is not similar", that she "operate[s] in a different state", ***and that she did not "even know that Baby's Coffee existed until this email***." Exhibit L. The response to the email was false, misleading and/or deceptive since 1) production of coffee drinks are a service that her café sells (Exhibits C andE), 2) Defendants' café sell coffee beans and ground coffee (Exhibit F), 3) consumers see the term Baby's in both the Trademarks and the pseudo-trademark of Defendants, 4) since it is the first term of Plaintiff's original trademark and the pseudo-trademark of Defendants, 5) Baby's Coffee sells and ships its products countrywide (Exhibit H), and 6) Baby's Coffee had a roasting facility in and has advertised its products on the radio in the State of Louisiana for several years.

24. It is simply inconceivable that the subject trademark infringement was not a deliberate attempt to feed off the 30+-year-old reputation of Plaintiff, and its founders and owners.

25. The Defendant insisted in the same response that she has a "café, not a coffee shop." The difference appears to be talk without substance. Exhibit L. In any case "cafés," which the Defendant wishes to refer to itself as (as if that meant something), including BNO, sell

specialized coffee drinks like espressos and typical food items, which are products and services that Plaintiff Baby's Coffee also provides. Exhibit C and H.

26. Moreover, popular review webpages and apps, such as Yelp, show that the average consumer does not distinguish between what is a café or a coffee shop, especially since many major brands today, such as Starbucks and Dunkin, provide food, coffee drinks, and a sit-down area like an average café does. The Yelp page for Defendant BNO designates the place as a coffee and tea spot. Exhibit D. In addition, many google reviews associate Defendant BNO as a coffee shop, and when one searches Baby's Coffee New Orleans into the google search bar, the BNO establishment is the business that is identified by the algorithm. Exhibit N and O.

27. Actual confusion has occurred. The Plaintiff Baby's Coffee and its CEOs, Gary and Olga Teplitsky have also been mistaken several times by consumers to be associated with Defendant BNO.

28. Furthermore, persons commenting on webpages reviewing the business of Defendants had stated their belief that Defendants roast coffee, something which Defendants do not, but something which is heavily publicized by Plaintiff. Exhibit N.

29. In arguing to excuse her blatant and willful infringement, Defendant Elizabeth Hess has claimed that the only thing she found online relating to Plaintiff's trademark rights is the abandoned status of an old registration, which is false since both registered marks for Baby's Coffee are live on the TSDR record and have been for over two decades. Exhibits A, B, and I. In addition, Plaintiff maintains valid and subsisting rights through all the existing registrations listed above.

30. In an email exchange on the same day, Defendant Elizabeth Hess stated that the Plaintiff does not "have a trademark on the word Baby's." Exhibit J. The Defendant is under the

impression it is acceptable to infringe on the Plaintiff's marks because the Plaintiff's marks do not solely consist of the term "Baby's."

31. Moreover, Defendant Elizabeth Hess has effectively college the rights of Plaintiff, stating that she never mentions "coffee on any of my business descriptions on my social media or website." Exhibit J. Moreover, this was another blatantly false statement. The Defendant's website, to date, has a specific tab for coffee and tea. Exhibit C. In addition, her Instagram website explicitly mentions that her café sells coffee, and her Instagram page markets coffee products that customers can purchase within the shop. Exhibits E and F.

32. Notwithstanding the intentional and inexcusable nature of the infringement involved herein, Plaintiff was willing to graciously work with the Defendant to rectify the infringement issue by asking the Defendant to change the name. Given the trail of falsehoods and inexcusable transgressions, the Plaintiff made an eminently fair proposal to resolve the infringement. Defendant Hess responded to that suggestion stating that "expecting me to change my name is ludicrous at this point in time." Exhibit K.

33. Plaintiff's attorney a notice letter demanding cessation of the infringement on January 30, 2023, informing the Defendant in detail about Plaintiff's federal registrations and Plaintiff's use of the Trademarks. The letter also put the Defendant on notice that if she did not acknowledge Plaintiff's rights and cease the infringement, that the Plaintiff would institute court action to protect their Trademarks.

34. As result of the letter, Defendant retained an attorney, who reached out to Plaintiff's attorney on February 2, 2023. There were several phone conversations between the attorneys for the Parties, and finally Plaintiff's attorney was assured that the Defendant would cease infringing.

35. However, when the infringement did not cease, as promised through counsel, a settlement agreement was sent to Defendant's attorney via email on May 30, 2023. After a follow up email on June 9, 2023, the Defendant's attorney sent an email stating that they were "working to obtain an update from our client."

36. On June 20, 2023, Defendant's attorney, apparently relying on misrepresentations of Ms. Hess, falsely informed Plaintiff's attorney that: "***Our client*** does not sell 'BABY' branded coffee products and ***does not provide coffee shop services***." Exhibit L. Defendant's attorneys then redirected communications back to Defendant Hess. Exhibit L. Defendant and her attorneys thus continued to misrepresent the services that the Defendant provides in her shop. Quite simply, Defendants advertise and provide coffee drink services under the name Baby's. Exhibits C and E. The Defendant also advertises and sells coffee beans and ground coffee in the Defendants' Baby's "café" establishment. Exhibit F.

37. On July 20, 2023, Plaintiff's attorney reached out to the Defendant informing her that the Plaintiff had "revisited and reviewed your website and other usages in the Internet and still find the same problematic, despite [Defendants'] former counsel's contention that you have supposedly 'shifted fromsic [sic] away from a coffee-based business.'" Exhibit M. Plaintiff's attorney asked the Defendant, in yet another attempt to gain respect for the rights of the Plaintiff, to look over the settlement agreement, and stated that the Plaintiff was "open to negotiating any terms of the [attached] settlement." Exhibit M.

38. With remarkable arrogance, in the last email exchange between the Defendant and Plaintiff's attorney, the Defendants critiqued counsel's conciliatory letter contentiously roiling, again falsely, that she hasn't "'supposedly shifted from [sic] away from a coffee-focused business.'" Exhibit M.

39. Continuing her argumentative tirade, Ms. Hess also stated "funny you mentioned the website, because it never mentions or uses the word coffee." Exhibit M. This is once again inaccurate since her website has a specific tab for coffee and tea. Exhibit C.

40. Defendant's use of the Trademarks violates Baby's Coffee trademark rights and, if not discontinued immediately, will seriously diminish the value of the Trademarks as well as divert trade from Baby's Coffee and deceive purchasers.

41. Defendant has used and continues to use the Trademarks in connection with the sale of coffee products and advertising and promotion of the same, in a manner that is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of Defendants' goods and services.

42. Defendants will continue their infringing activities and will continue to cause Baby's Coffee irreparable injury and other harm unless enjoined by this Court.

## COUNT ONE
## UNFAIR COMPETITION

43. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 42 of this complaint as a part of this Count.

44. Defendants misappropriated Plaintiff's goodwill associated with the Trademarks by using the Infringing Designation for Defendant's own competitive advantage.

45. Defendants our misappropriating the goodwill of Plaintiff associated with longstanding use of the Trademarks, under which Plaintiff has earned a respected position in the coffee marketplace.

46. Defendant has blatantly and brazenly misappropriated Plaintiff's Trademark for Defendant's own commercial advantage. Defendants use and continues to use Plaintiff's Trademarks and continues to benefit from such use.

47. Such infringing use by Defendant has and continues to irreparably injure Plaintiff.

48. Plaintiff has suffered damage and Defendants have been unjustly enriched in amounts at present uncertain but believed to be in excess of $1 million on account of said complained of acts of Defendants. Plaintiff is entitled, in addition to said damages in the amount of said unjust enrichment, to judgment for monies diverted from Plaintiff to Defendants and any damages sustained by Plaintiff in consequence of the deliberate nature of the unfair competition and infringement by Defendants, and on account of the unjust enrichment of Defendant in an amount equaling three times said damages.

49. By reason of the acts of Defendants herein alleged, Plaintiff has been damaged and, unless restrained, Defendants will continue to deceive the public, impair the value of Plaintiff's Trademarks and otherwise will cause Plaintiff immediate and irreparable harm. Plaintiff is entitled to an injunction enjoining Defendant from using Plaintiff's Trademarks.

## COUNT TWO
## INFRINGEMENT OF COMMON-LAW TRADEMARK RIGHTS

50. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 49 of this complaint as a part of this Count.

51. Plaintiff's products and services provided under the Trademarks have been rendered in commerce and continue to be furnished and performed by Plaintiff throughout the United States.

52. Plaintiff derives substantial benefits from its business under the Trademarks.

53. Defendant's acts are a false description and representation that Defendant's goods and services are furnished by, sponsored by and/or affiliated with Plaintiff. Said acts constitute common law trademark infringement and are in violation of the unfair competition and trademark law of the several states, including the State of Louisiana, in that Defendant has used

12

in connection with goods and/or services, a false designation of origin and a false description and representation, including words likely to confuse the public.

54. By such actions Defendants have damaged Plaintiff Baby's Coffee.

## COUNT THREE
## FEDERAL UNFAIR COMPETITION -- LANHAM ACT SECTION 43

55. As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 54 of this complaint as a part of this Count.

56. Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce of the United States by virtue of the ongoing provision of goods and services under the Trademarks. By virtue of the foregoing activities of Plaintiff, the Trademarks have become associated with Plaintiff.

57. The aforesaid acts of Defendant constitute unfair competition and passing off and are likely to cause the trade and the public to erroneously believe that Defendant's products and services originate with and/or are guaranteed by Plaintiff, or otherwise associated with Plaintiff. Said acts are in violation of 15 U.S.C. 1125(a) in that Defendant has used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and have caused such services to enter into interstate commerce.

58. Such acts have injured and continue to injure Plaintiff's business reputation and otherwise injure or destroy the distinctive character of Plaintiff's Trademarks and the quality of Plaintiff's reputation associated with its Trademarks, all to Plaintiff's substantial and irreparable harm.

59. As a result of Defendant's willful, fraudulent and malicious acts, Plaintiff has suffered damage, and Defendant has been unjustly enriched. Plaintiff is entitled to judgment for

Defendant's profits and Plaintiff's losses made on account of the infringement of the rights of Plaintiff and any other damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendant.

60. By reason of the acts of Defendant alleged herein, Plaintiff has been damaged and, unless restrained, Defendant has and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademarks and otherwise cause Plaintiff immediate and irreparable harm.

61. Defendant is liable to Plaintiff for violation of 15 U.S.C. 1125(a).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Baby's Coffee LLC hereby demands a jury trial of any and all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) This Court grant and enter a judgment that the Plaintiff is the owner of all rights in the Trademarks as applied to coffee products, restaurant services, and the sale of clothing products namely caps, T-shirts and the like , and that said rights of Plaintiff have been infringed by Defendant and that Defendant and all persons acting in concert with them be preliminarily and finally enjoined from using the Trademark BABY'S, the terms "babe" and "babes", and otherwise infringing upon the Trademarks and goodwill of Plaintiff.

(b) Defendant be required to account to Plaintiff for any and all profits and funds collected or otherwise derived by Defendants from their activities, as well as all damages sustained by Plaintiff Baby's Coffee by reason of Defendant's use of the Trademarks and unfair competition herein alleged.

(c)     A preliminary and final order enjoining Defendant from use of the Trademarks and confusingly similar designations and terms derived therefrom or confusingly similar thereto.

(d)     A preliminary and final order requiring that all documents, electronic documents, websites, materials, labels, signs, products, packages, wrappings, receptacles, advertisements, and other business and promotional materials in Defendants' possession or control bearing the pseudo-trademark Baby's, the terms "babe" and "babes", or other infringing or derived designations of origin or any reproduction, counterfeit, or copy of the Trademarks including all literature, server copies, uploaded copies, video recordings, audio recordings, publications, contracts, information and other materials embodying the infringing activity forming the subject matter of this complaint, and all plates, files, molds, matrices, electronic files and other means of making the same shall be delivered up and destroyed.

(e)     An order that all Internet traffic to Defendants' websites bearing the term "baby's" or variations thereof be directed to a portal page designed to mitigate confusion and giving the viewer a choice to proceed to a web page to be designated by Plaintiff or a web page to be directed to Defendants.

(f)     An order that the Defendants transfer and assign any domain name bearing the Trademark or Infringing Designation, and any other similar or confusingly similar domain names to Plaintiff.

(g)     An order that any and all of Defendant's U.S. trademark registrations and applications of the Infringing Designation and confusingly similar and or otherwise infringing marks are null and void.

(h)     Plaintiff be awarded actual damages and punitive damages, and that such damages be trebled, and that costs of this action be assessed against Defendant.

  (i)  Plaintiff have such other and further relief as is just, including costs and attorney's fees.

Dated: December 29, 2023

                Respectfully Submitted:

                **CHAFFE McCALL, LLP**

           By:  */s/ Amy L. McIntire*
                Amy L. McIntire (# 35241)
                A. Elyce Ieyoub (# 39918)
                1100 Poydras Street
                2300 Energy Centre
                New Orleans, LA  70163-2300
                Telephone: (504) 585-7000
                Fax: (504) 585-7075
                Email:  mcintire@chaffe.com
                    elyce.ieyoub@chaffe.com